IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHANTELLA WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:08CV478 |
| vs. | ) | |
| | ) | ORDER |
| COUNTY OF DOUGLAS, | ) | |
| NEBRASKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

     This matter is before the magistrate judge on the plaintiff's Motion to Compel Discovery (Filing 41), the defendants' response in objection thereto (Filings 51-53), and the plaintiff's reply brief (Filing 55). The motion relates to information the defendants previously produced to the Nebraska Equal Opportunity Commission ("NEOC").

     Plaintiff's employment with the Douglas County, Nebraska, Department of Corrections was terminated on September 16, 2008. The parties' Rule 26(f) planning report (Filing 12) indicates that "Plaintiff has been a previous litigant in a case against Douglas County alleging racial discrimination against herself and she has a pending charge of racial termination with the [NEOC], and said charges were pending at the time of her termination." The court could not locate in the file any information relating to the content of the charges filed with the NEOC, other than that found in defense counsel's affidavit (Filing 52-1).

     The record shows that the defendants did not respond to plaintiff's second and third requests for production of documents until March 8, 2010 even though the responses were due November 13, 2009 and January 27, 2010, respectively. The plaintiff did not seek assistance from the court in compelling the defendants to respond to the second and third set of requests, and there is no information in the file as to the nature of the information that was requested or produced.

     Plaintiff's brief states that the plaintiff participated in a "rebuttal" interview with the NEOC on February 10, 2010. She was reportedly told that, in response to her allegation of racial discrimination and retaliation for engaging in protected activity under Title VII, the County said "the reason they did not subject other employees similarly situated [to] Plaintiff to an exhaustive review of their [computers] as Plaintiff was subjected to was that the other offending employees alleged to have violated the computer workplace use policy of the

Defendant did not warrant the level of scrutiny that Plaintiff's misconduct warranted." (Filing 42 at p. 2/21).

Apparently, the plaintiff immediately tried to obtain the following documents from the NEOC by subpoena (see Filing 35) served on February 11, 2010:

> The entire NEOC file: NEB 2-08/09-9-39463-R, including, but not limited to, audiotape(s) of investigation and/or proceedings, correspondence, reports, medical documentation(s), telephone and/or fax contracts and all documents relating to the claim and investigation of the above-referenced file number.

The discovery deadline expired on February 12, 2010.

Plaintiff's brief (Filing 42 at p. 2/21) indicates that the NEOC "responded that they will not allow copying or inspection until the case is resolved through a determination." Plaintiff did not seek to compel compliance with the subpoena. Instead, plaintiff served a "4th Request for Production of Documents" on the defendants after the close of discovery.

The current dispute pertains to the following "fourth" Request for Production of Documents served on the defendants on February 19, 2010:

> **REQUEST NO. 11:**  Please produce for copying and inspection all correspondence and other documents provided by Douglas County to the Nebraska Equal Opportunity Commission in response to the allegation of discrimination and retaliation made by Chantella Wallace in Case No. NEB 2-08/09-9-39463-R.

On March 8, 2010 (the same date they belatedly served responses to plaintiff's other discovery requests), the defendants objected to Request No. 11 on grounds of untimeliness.[1] Apparently, it is their position that the plaintiff should have requested the documents earlier in the case because she was aware that she had filed a complaint with the NEOC and the agency was investigating her complaint.

---

[1] The defendants also objected on the ground that "Pursuant to Neb. Rev. Stat. § 20-140, said documents are not public documents and can only be used as evidence in proceedings pursuant to Neb. Rev. Stat. § 20-141(2)." This assertion is not supported by the language of the statutes and is not mentioned or discussed in the defendants' brief. The objection is, therefore, deemed waived for purposes of deciding this motion.

The defendants–who substantially delayed their own responses to the plaintiff's discovery requests–have already compiled the responsive items and provided them to the NEOC. The defendants raise no claim of privilege as to these items.

Under the circumstances, the court finds that the defendants should be ordered to produce the responsive materials no later than **Wednesday, April 7, 2010**. The final pretrial conference remains set for April 12, 2010 at 11:00 AM.

**IT IS SO ORDERED.**

**DATED April 2, 2010.**

                                       **BY THE COURT:**

                                       **s/ F.A. Gossett**
                                       **United States Magistrate Judge**